**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5940

RAYMOND STEPHEN FRANKLIN, a/k/a
Marley,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-93-74)

Submitted: September 20, 1996

Decided: October 3, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Lynne P. Klauer, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raymond Stephen Franklin pled guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A.§ 841 (West 1981 & Supp. 1996), and was sentenced to serve a term of 210 months imprisonment. He appeals this sentence, arguing that the district court clearly erred in determining that he was responsible for the distribution of at least 1.5 kilograms of crack, a finding which gave him a base offense level of 38. United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1995). We affirm.

Because Franklin objected to the recommendation in the presentence report, the government had the burden of proving the amount of crack by a preponderance of the evidence at the sentencing hearing. See United States v. Williams, 986 F.2d 86, 90 (4th Cir.), cert. denied, 509 U.S. 911 (1993). Three co-conspirators testified at Franklin's sentencing hearing. William Commodore testified that, beginning around 1989, he obtained crack from Franklin, who regularly brought it from New York to Winston-Salem, North Carolina. Commodore said he sometimes met Franklin at Latoscha Fisher's apartment. He specifically recalled bringing a borrowed scale to Fisher's apartment in 1992 and helping Franklin bag two kilograms of crack. Commodore could not recall exactly when this happened, but thought it was around the middle of the year. Latoscha Fisher testified that in April 1992, Franklin and Commodore weighed and bagged two kilograms of crack at her apartment. She also collected money for Franklin and she remembered that on three occasions after April 1992 Franklin gave her 30 one-ounce bags of crack to give to other distributors. Albert M. Reid testified that, between April and September 1992, he regularly received 8-10 ounces of crack from Franklin at Fisher's apartment or at other locations. The district court found the testimony of these witnesses credible and determined that Franklin was responsible for distributing at least 1.5 kilograms of crack.

2

The district court's determination of the amount of crack attributable to Franklin is a factual finding reviewable under the clearly erroneous standard. United States v. Ricco, 52 F.3d 58, 62 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3247 (U.S. Oct. 2, 1995) (No. 95-5502). Franklin argues on appeal that the government's evidence amounted to no more than allegations. However, as the district court observed, the witnesses' testimony was generally consistent and corroborative. Because the district court found their testimony credible, the court did not clearly err in determining Franklin's offense level.

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3